Williams, J.,
The terms of the contract, under which the work claimed for in this case was done, were in dispute. The plaintiff in the court below alleged the hiring to be by the day ¡and denied that the length of the day was provided for. He testified ■as follows: “ No hours were mentioned. I was to work by the day. *202 We worked as long as we could see.” The defendant, on the other-hand, testified that the hiring1 was by the month and that each day’s work was to consist of ten hours’ labor. The questions for the jury, therefore, were, first, what was the contract between the parties?' and, second, for what amount is the plaintiff entitled to recover-under its provisions ? The court was asked to say to the jury, by defendant’s third point, that if they should find the hiring was-by the day of ten hours each, the plaintiff could not recover for parts of days where his failure to work was not due to any interference or neglect of the defendant. This the court refused and, instead, laid down the following binding instruction : “ Now, though,, according to the contract as stated by the defendant, ten hours was to constitute a day’s work, yet it provided that he was to be paid twenty-five cents an hour. That is a qualification of that part of the-contract calling for ten hours a day and entitles the plaintiff to recover for the time actually made.” The court, by this instruction, disposed of the first question of fact and left nothing for the jury but the computation of the amount due upon the contract thus-found for them. This was error. Nor is it easy to see why the-third point should not have been affirmed. , If the defendant contracted to work ten hours each day, and, without any sufficient reason, disregarded his agreement, working only eight or six, or-whatever other number of hours he pleased, without regard to his contract obligation, he was in no position to sue upon a contract which he had steadily disregarded. An averment of substantial performance, or of readiness and an offer to perform, are necessary on the part of one who sues upon a contract. The terms of the hiring, under the evidence in this case, were for the jury, and, if found to be as assumed in the third point, the defendant was entitled, to the instruction prayed for.
Judgment reversed and venire facias de novo awarded.
H. J. L.